So Ordered.

Dated: August 23, 2024



G. Michael Halfenger  
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT  
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

Jeffrey Harvey Kumm,   Case No. 23-22866-gmh

Debtor.   Chapter 7

**DECISION AND ORDER**

I

The debtor moved to reopen this closed chapter 7 case on March 6, 2024, "to allow Debtor to proceed with an adversary proceeding to determine the dischargeability of his student loans under 11 U.S.C. § 523(a)(8)." ECF No. 15, at 1. A March 27 order denied the motion. The order concluded that the motion did not plausibly meet section 350(b)'s showing—as applicable here, "that reopening this case is necessary to afford relief to the debtor or" the existence of "other cause" (11 U.S.C. §350(b))—because "the debtor's motion to reopen makes no showing or argument why reopening this case *is* necessary for him to file the contemplated adversary proceeding." ECF No. 17, at 1–2.

Two days later the debtor filed an adversary proceeding against the United States Department of Education. *Kumm v. U.S. Dep't of Educ.*, Adv. Proc. No. 24-02047. The

debtor-plaintiff's sole claim is that the student-loan debt he owes the United States is barred from collection by the bankruptcy discharge ordered on September 25, 2023. The United States has not yet answered the complaint; the deadline has been extended with the debtor-plaintiff's consent to September 3, 2024.

On May 10, 2024, however, the debtor filed what he calls a "renewed motion to reopen" his bankruptcy case. ECF No. 20, at 1. The motion repeats the allegations of the (denied) March 6 motion and explains that debtor's counsel "interpreted the [March 27] order to confirm her belief that reopening was not required to proceed with an adversary [proceeding]." *Id.* The motion reports, however, that the United States "expect[s] that [the] underlying bankruptcy [case will] be reopened before [the United States] will proceed with the attestation process under the Department of Justice Guidance on federal student loans issued [on] November 17, 2022." *Id.* at 2. The renewed motion also observes that "in *Lewis v Department of Education*, 23-02124-gmh . . . the court reopened a chapter 7 for the same reasons[ requested by the debtor] in this case after a brief [was] filed by the Assistant United States Attorney on behalf of the [United States]." *Id.* at 1-2.

Though styled a "renewed" motion, the May 10 motion seeks reconsideration of the March 27 order's denial of the debtor's March 6 request to reopen: It seeks the same relief as the March 6 request—to reopen the case for the duration of the adversary proceeding. The denial of the motion to reopen was a final order. Rule 60(b) thus governs its reconsideration. Fed. R. Civ. P. 60(b) (incorporated into these proceedings by Fed. R. Bankr. P. 9024). The court may grant relief under that rule on a variety of grounds, but the only potentially available ground here is that the order is premised on a mistake, including a mistake of law. See *Kemp v. United States*, 596 U.S. 528 (2022), and *In re Terrell*, 39 F.4th 888, 892 (7th Cir. 2022).

## II

The debtor's "renewal" of his motion to reopen is the product of the Government's apparent continued insistence that he must reopen his bankruptcy case to prosecute an adversary proceeding that requests a determination of dischargeability under section 523 of the Bankruptcy Code. The Government similarly insisted in *Lewis v Department of Education*, contending "that this court must reopen the debtor's bankruptcy case to have jurisdiction to fully adjudicate this [dischargeability adversary] proceeding". *Lewis v. Dep't of Educ.*, Adv Proc. No. 23-02124, ECF No. 10. In support of this contention the United States argued that "when a bankruptcy case is closed, courts should not adjudicate matters beyond those over which they retain some residual jurisdiction, unless the case is reopened. Student loan adversary proceedings filed after closing are not part of the court's post-closure administrative jurisdiction and so, to maintain such a claim, a debtor should be required to first successfully reopen the bankruptcy [case]." *Lewis v. Dep't of Educ.*, Adv Proc. No. 23-02124, ECF No. 15, at 5 (footnote omitted).

But *jurisdiction* over a proceeding commenced when the debtor files a complaint seeking a declaratory judgment that a debt is not excepted from discharge by 11 U.S.C. §523(a)(8) is conferred on this court by 28 U.S.C. §§157(a) and (b), 1334(b), and the district court's July 1984 General Order referring all bankruptcy matters to this court.[1] The pendency of the bankruptcy case has no relevance to this court's jurisdiction. Judge Grant made this point several years ago in refusing to dismiss a dischargeability

---

1. Section 1334(b) of title 28 vests the district courts with "original but not exclusive jurisdiction of all civil proceedings arising under title 11". Section 157(a) of title 28 authorizes the district courts to refer those proceedings to the district's bankruptcy court. This district's 1984 General Order refers all such proceedings to this court. See https://www.wieb.uscourts.gov/84-1-order-reference. Proceedings to determine the dischargeability of debts are core proceedings on which "Bankruptcy judges . . . may enter appropriate orders and judgments, subject to review under section 158". 28 U.S.C. §157(b)(1) & (2)(I).

adversary proceeding for lack of jurisdiction based on closure of the underlying bankruptcy case:

> By this adversary proceeding, the plaintiff, . . . has asked that her student loan indebtedness to the defendant be discharged, as an undue hardship, pursuant to . . . 11 U.S.C. § 523(a)(8). In response, the defendant has filed a motion to dismiss, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that the bankruptcy court lacks subject matter jurisdiction over the proceeding. The proposition seems quite strange. How could the bankruptcy court possibly lack jurisdiction over a proceeding to determine whether or not a particular debt is dischargeable? As a cause of action created or determined by the Bankruptcy Code, actions to determine dischargeability constitute "civil proceedings arising under title 11." *See*, *In re Menk*, 241 B.R. 896, 905 (9th Cir. BAP 1999). *See also*, *In re Spaulding*, 131 B.R. 84, 88 (D. N.D. Ill. 1990); *In re Madison*, 249 B.R. 751, 755 (Bankr. N.D. Ill. 2000). As such, they come squarely within the scope of the jurisdiction conferred upon the district courts by 28 U.S.C. § 1334(b), which they, in turn, may refer to bankruptcy judges. *See*, 28 U.S.C. § 157(a); N.D. Ind. L.R. 200.1(a). It seems, however, the defendant is arguing that because the underlying bankruptcy case has been closed, and has not been reopened, the court has no jurisdiction. Yet, that simply is not so. "[A] separate motion to reopen is not a jurisdictional requirement, or even a prerequisite for commencing an action [to determine the dischargeability] of a debt...." *In re Staffer*, 306 F.3d 967, 972 (9th Cir. 2002); *In re Menk*, 241 B.R. 896, 910–11 (9th Cir. BAP 1999). *See also*, *United Consumers Club, Inc. v. Bledsoe*, [441 F. Supp. 2d 967] (N.D. Ind. 2006). The defendant is confusing the judicial act of dismissing a case, thereby terminating it prior to completion, with the ministerial act of closing a case after the administration of the estate has been completed. They are two different things. See, *Bledsoe*, 441 F. Supp. 2d at 985; *Menk*, 241 B.R. at 911–13.

*Edwards v. U.S. Dep't of Educ. (In re Edwards)*, No. 06-12026, Adv. No. 07-1188, 2007 WL 4893513, at *1 (Bankr. N.D. Ind. Oct. 24, 2007) (footnote omitted). There is no jurisdictional requirement that a debtor reopen a closed case before filing an adversary proceeding to request a determination that a student loan debt was not excepted from discharge by §523(a)(8).

Indeed, the United States conceded in *Lewis* that no precedent of which it was aware linked adversary proceeding jurisdiction over a dischargeability claim with reopening the underlying bankruptcy case. Lacking controlling authority, the Government turned to a remark in *In re Roberson*—dictum that says nothing of jurisdiction but that the Government asserted, "suggests the Court of Appeals would agree" that the debtor must reopen his bankruptcy case if he seeks a determination that his student loan debt was discharged. *Lewis v. Dep't of Educ.*, Adv Proc. No. 23-02124, ECF No. 15, at 3 (discussing *In re Roberson*, 999 F.2d 1132 (7th Cir. 1993)). In *Roberson,* the court of appeals affirmed the bankruptcy court's judgment that a student loan debt was not dischargeable. The bankruptcy court had concluded that the debtor had failed to prove undue hardship, required to establish dischargeability under §523(a)(8), and the district court reversed. The Seventh Circuit reversed the district court, agreeing with the bankruptcy court that the debtor had not established dischargeability under §523(a)(8). In so concluding, the Seventh Circuit noted that the bankruptcy court had (somehow) ordered a two-year deferment on collection of the student loan, and reasoned that after the deferment, if the debtor's "financial condition ha[d] not improved as anticipated", then the debtor might (somehow) later "file a motion requesting the bankruptcy court reopen his case pursuant to Fed. R. Bankr. P. 4007(a) and (b)".[2] 999 F.2d at 1138.

---

2. Roberson filed an adversary proceeding to obtain a determination that his student loan debts were discharged. See Fed. R. Bankr. P. 7001. The bankruptcy court found that the debtor had not proved undue hardship "but did order a two-year deferment in the payment of such loans to allow [the debtor] to financially recover." 999 F.2d at 1134. Applying the undue-hardship analysis of *Brunner v. New York State Higher Education Services Corp.*, 831 F.2d 395 (2d Cir. 1987) (per curiam), *Roberson* reasoned that the debtor had not shown extended hopelessness concerning his financial condition because the bankruptcy court had "allow[ed]" a deferment. *Roberson*, 999 F.2d at 1137. The Seventh Circuit explained, "the bankruptcy court's decision to allow the debtor a 'two-year deferment to enable him to get back on his feet' supports the view that the debtor's hardship will not continue over an extended period." *Id*. Because the bankruptcy court found that the debtor's "financial straits . . . could be remedied by a two-year deferment of his student loans", *Roberson* concludes that the debtor did not face extended hopelessness. *Id*. at 1138. It is in this context that *Roberson* makes the statement upon which Government relied in *Lewis*: "If, upon the expiration of that deferment . . . , [debtor's] financial condition has not improved as

Nothing about this or anything else in *Roberson* suggests that reopening is a *jurisdictional* prerequisite to seeking a determination that a student loan debt is not excepted from discharge under §523(a)(8). At most *Roberson*'s remark suggests what Rule 4007(b) states explicitly, that a "case *may* be reopened . . . for purpose of filing a complaint to obtain a determination" of dischargeability. Fed. R. Bankr. P. 4007(b) (emphasis added). But nothing in *Roberson* requires reading "may" in Rule 4007(b) to mean "must." And, regardless, Rule 4007(b) is not jurisdictional. See *Kontrick v. Ryan*, 540 U.S. 443, 453 (2004) ("'[I]t is axiomatic' that [the Federal Bankruptcy] rules 'do not create or withdraw federal jurisdiction.'") (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 370 (1978)) (first alteration in original, second alteration added); cf. *MOAC Mall Holdings LLC v. Transform Holdco LLC*, 598 U.S. 288, 298 (2023) (quoting *Boechler, P.C. v. Commissioner*, 142 S. Ct. 1493, 1497 (2022)) (stating of statutory provisions, "we only treat a provision as jurisdictional if Congress '"clearly states"' as much.").

The Government in *Lewis* additionally contended that "[m]any courts find that reopening is required." *Lewis v. Dep't of Educ.*, Adv Proc. No. 23-02124, ECF No. 15, at 3. Some of the decisions relied on by the Government conclude that the bankruptcy court lacked jurisdiction in other contexts, but none supports a conclusion that reopening a

---

anticipated, he may file a motion requesting the bankruptcy court reopen his case pursuant to Fed. R. Bankr. P. 4007(a) and (b)." *Id.*

It's difficult to know what to make of all this. What was the authority and basis for the *Roberson* bankruptcy court's order granting a two-year student loan deferment? Did the bankruptcy court enter that order in the main bankruptcy case? In all events, what would be the point of reopening Roberson's bankruptcy case two years later if the debtor's financial condition did not improve? The appeal was from the district court's reversal of the bankruptcy court's final judgment in the adversary proceeding declaring the debt not dischargeable; the court of appeals remanded the case "for entry of judgment consistent with [the Seventh Circuit's] opinion"—that is, entry of judgment that the debt was not dischargeable. How could the bankruptcy court revisit that judgment two years later? These conundrums caution against making much of anything out of *Roberson*'s reopening remark.

closed bankruptcy case is necessary to adjudicate whether §523(a) of the Bankruptcy Code excepts a debt from discharge.[3]

---

3. The Government cited five non-precedential opinions in support of its contention that reopening is required. *Lewis v. Dep't of Educ.*, Adv. Proc. No. 23-02124, ECF No. 15, at 3 n.1. Only one, *Jones v. City of Chicago (In re Jones),* involves an adversary proceeding arising under the Bankruptcy Code, as is the case here. 657 B.R. 238, 244-46 (N.D. Ill. 2024). In *Jones*, the debtor filed an adversary proceeding long after his chapter 7 case was closed to request a damages judgment against the City of Chicago for allegedly violating the section 362(a) stay by refusing to return an impounded vehicle. The court ultimately dismissed the complaint with prejudice for failure to state a claim for which relief can be granted, and for lack of jurisdiction based on the debtor's lack of standing. True, part III mentions Rule 12(b)(1) (authorizing dismissal of actions over which the court lacks subject matter jurisdiction), but the opinion's jurisdictional focus is on whether the debtor had standing to assert a stay violation "since he d[id] not allege he (or the other plaintiffs) had an interest in the vehicle by claiming an exemption or that the vehicle was abandoned prior to the closure of the Chapter 7 case", *id.* at 246, and *not* on whether the debtor's failure to reopen his bankruptcy case defeated subject-matter jurisdiction over the plaintiff's claim allegedly arising under section 362(a) of the Bankruptcy Code. The court found that the debtor failed to reopen his bankruptcy case as a means of "judge shopping," which, the court concluded, amounted to grounds for "dismiss[al] with prejudice". *Id.* at 246. The opinion does not elaborate on that conclusion or the legal basis for it; thus, it does not persuasively support the Government's contention that reopening is always *required* before adjudicating an adversary proceeding that arises under title 11.

The other four opinions offer no greater support for that contention. *Iannini v. Winnecour* involves approval of attorney's fees as an administrative expense—a matter that, as provided in Fed. R. Bankr. P. 2016 and 7001, must be adjudicated in the bankruptcy case, not in an adversary proceeding. 487 B.R. 434, 438–43 (Bankr. W.D. Pa. 2012). Beyond that, the *Iannini* court had dismissed the bankruptcy case; therefore, the court could not have reopened it under §350. See *In re Dorff*, 480 B.R. 919, 921 (Bankr. E.D. Wis. 2012) (Explaining that a dismissed case cannot be reopened). And *Iannini*'s inapplicable jurisdictional reasoning—that a bankruptcy court lacks jurisdiction to approve the fees of debtor's counsel after dismissal of the bankruptcy case—is contrary to Seventh Circuit precedent. See *In re Sweports, Ltd*., 777 F.3d 364 (7th Cir. 2015). So, whatever force *Iannini*'s reasoning might have in circumstances like those it presents, it has no persuasive value here.

The other three cases on which the Government relied are no more applicable or persuasive. All of them involve adversary proceedings for which jurisdiction depended on the proceeding relating to a closed bankruptcy case, rather than proceedings arising under title 11. When a bankruptcy court's authority to adjudicate claims depends on the proceeding being "related to [a] case[] under title 11", 28 U.S.C. §1334(b), courts have reasoned that the "case[] under title 11", i.e., the bankruptcy case, must be open to allow further administration of the bankruptcy estate. See *Walnut Assocs. v. Saidel*, 164 B.R. 487, 490–94 (E.D. Pa. 1994); *Cook v. Chrysler Credit Corp.*, 174 B.R. 321, 326–27 (M.D. Ala. 1994); and *Ervin v. Equicredit Corp. of Am.*, No. 4:02CV44, 2002 WL 1611495 (N.D. Miss. June 11, 2002). These decisions have no application where, as here, the debtor's dischargeability adversary proceeding arises under the Bankruptcy Code and has no effect on the bankruptcy estate or its administration.

III

Returning to the question presented by the debtor's "renewed" motion to reopen: Did the court err in denying the debtor's original request to reopen? Again, the court denied that request because the debtor's motion failed to allege plausible grounds to reopen. "A case may be reopened . . . to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. §350(b). The only relief now sought by the debtor is a determination that student loan debt was discharged, and, as discussed above, there is no need to reopen the case "to accord [that] relief to the debtor". *Id*. If this is not otherwise obvious, the lack of exclusive jurisdiction over dischargeability proceedings should make it so. A debtor or creditor could seek the same determination in any federal district court or state court of general jurisdiction that has personal jurisdiction over the parties. No one (presumably) supposes that a debtor would have to ask the bankruptcy court to reopen his bankruptcy case before defending against a collection action in state court on the ground that the debt was discharged. What magic then could reopening possibly hold here?

The denial of the motion to reopen, therefore, was not based on a mistake of law nor is there any other basis under Rule 60(b) to reconsider it. Debtor's motion to reconsider, styled as a "renewed motion", is denied.

IV

Still, as an original matter, there might be cause to reopen the case. Rule 4007, which provides for the filing of a complaint to determine the dischargeability of a debt, does provide that "[a] case may be reopened . . . for the purpose of filing a complaint to obtain a [dischargeability] determination under this rule." Fed. R. Bankr. P. 4007(b). It seems implicit in this provision that the filing of a dischargeability complaint is (at least in some instances) adequate cause for §350(b) purposes to reopen the debtor's bankruptcy case, perhaps to facilitate the Clerk's administration of related dockets by

docketing the complaint in the debtor's reopened bankruptcy case as well as in the adversary proceeding.

In all events, the Government's apparent insistence that the main case be reopened before it will undertake the process of evaluating the debtor's dischargeability claim under the Department of Justice's *Guidance for Department Attorneys Regarding Student Loan Bankruptcy Litigation* effectively creates cause to reopen—not because reopening is necessary for the court to afford the relief the debtor requests but to avoid delaying the Government's assessment of whether to "stipulate to facts relevant to undue hardship and recommend to the bankruptcy court that a finding of undue hardship is appropriate". *Departmental Guidance Regarding Student Loan Bankruptcy Litigation* (Nov. 17, 2022), at 16, https://www.justice.gov/opa/pr/justice-department-and-department-education-announce-fairer-and-more-accessible-bankruptcy (last visited Aug. 23, 2024).

Given the Government's insistence on reopening cases like this and Rule 4007(b)'s direction that a "case may be reopened . . . for the purpose of filing a complaint to obtain a determination" that a debt is dischargeable, the court will reopen the debtor's bankruptcy case *sua sponte.*

Additionally, for all cases and adversary proceedings assigned to the author of this decision and order, the Clerk is directed to reopen any closed bankruptcy case of a debtor who files a complaint requesting a judgment declaring a student loan debt to be dischargeable and reclose the case after entry of judgment or a final order in the resulting adversary proceeding. The Clerk is directed not to await a motion to reopen. In such instances, the court will reopen all the cases *sua sponte* based on the reasoning of this decision and order.

V

For the reasons stated above, IT IS HEREBY ORDERED as follows:
1. The debtor's motion is denied.

2. This case is reopened until a judgment is entered in Adversary Proceeding Number 24-02047, or that proceeding is dismissed or otherwise finally resolved.

3. For all cases and adversary proceedings assigned to the author of this decision and order, the Clerk is directed to reopen any closed bankruptcy case of a debtor who files a complaint requesting a judgment declaring a student loan debt to be dischargeable and reclose the case after entry of judgment or a final order in the resulting adversary proceeding. The Clerk is directed not to await a motion to reopen but to reopen all the cases *sua sponte* based on the reasoning of this decision and order.

# # # # #